[No. 3739.]

THE BRITISH AMERICA ASSURANCE CO. v. COOPER.

1. INSURANCE—PRINCIPAL AND AGENT.

In an action on a fire insurance policy, where the issue was whether the insurance agents who wrote the policy were also the agents of the insured for that purpose, the evidence was that they were employed by the insured to construct the building and were his agents for leasing the building and collecting rents, and when the building was completed he directed them to procure insurance on it and they informed him that they expected to procure the agency of some insurance companies and asked him to wait and let them insure it in a company they expected to represent, which he agreed to, and when they procured the agency they wrote the policy and paid the premium out of rents collected.    *Held,* that the agents were not the agents of the insured in effecting the insurance.

2. SAME—EVIDENCE.

In an action upon an insurance policy upon the issue whether or not the insurance agents were also agents for the insured in effecting the insurance, where the insured had testified that the agents were his agents for the purpose of procuring insurance and collecting rents, it was competent for him to testify as to a conversation between him and the agents, wherein they informed him that they expected to procure the agency of some insurance companies, and requested him to wait and let them insure the property in a company they expected to represent, which he agreed to, although the conversation was prior to the time that the agents were authorized to represent the insurance company.

3. INSURANCE—PRINCIPAL AND AGENT—NOTICE.

Where the agents of an insurance company who issued a policy on a building were also agents for the insured for the purpose of leasing the building and collecting rents, notice by the company to the agents to cancel the policy, accompanied by a return of the premium, was not notice to the insured nor binding on him, where the building was burned after the agents had been notified to cancel but before they had notified the insured.

### *Error to the County Court of Arapahoe County.*

THIS action was originally brought by Job A. Cooper to recover for the loss of a building destroyed by fire, upon which plaintiff in error had issued a policy of insurance, which would not expire by limitation until after the date of loss. Since the case was brought to this court, the defendant in error has departed this life, and his executrix has been substituted in his place. Two defenses to the action were interposed by plaintiff in error: first, that the policy was null and void, because its local agents, through whom the insurance was effected, were, also, the agents of assured with respect to making the contract of insurance, and empowered to act in all matters relating thereto, which relationship was unknown to the company until after the destruction of the building; second, that the policy was canceled in accordance with its provisions, the unearned premium returned and the policy surrendered to it before the loss.

To these defenses a replication was filed, putting in issue their averments. Upon the trial of the cause, the uncontro-

verted evidence was to the effect, that the agents of the company were the agents of assured in the erection of the building in question, and also for the purpose of renting it and collecting the rents. In response to a general question respecting the duties of these agents, in so far as, they were authorized to represent the assured, he replied: " * * * To procure insurance * * * and collect the rents." With respect to the insurance represented by the policy upon which this action is brought, the uncontradicted evidence is, that after the building was completed, assured instructed these agents to procure insurance upon it; that they informed him that they expected within a short time to secure the agency of one or more companies, and requested him to permit them to insure in the companies which they might so represent, to which he assented. This evidence was received over the objection of plaintiff in error. That later, they were appointed the representatives of the company, and in pursuance of the understanding with the owner of the building, issued its policy and received the premium by retaining from moneys collected as rent, the amount thereof; that subsequently, the company concluded to withdraw its business from the town in which this property was situated, and notified the agents who had issued the policy, to cancel it, in accordance with its terms on this subject, the unearned premium being returned to them by the representative of the company who sent them this notice, in response to which they replied they would issue the required notice, as requested; that they canceled the policy, which had remained in their possession, and forwarded it to the representative of the company who was in immediate authority over them, retained the unearned premium, but did not credit it to the assured, or notify him regarding the cancellation. Within a short time thereafter, the building was destroyed by fire. It appears that the company had no knowledge of the relationship existing between the assured and their local agents, through whom the policy was issued. On this testimony, the court instructed the jury to return a verdict for the plaintiff, which was, accordingly,

done. From the judgment entered thereon, the company brings the case here on error.

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. A. E. PATTISON, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

From the errors assigned and argued by counsel for plaintiff in error, the disposition of this cause depends upon the answer to these propositions:

Were the agents who, on behalf of the company, issued the policy, also the agents of the assured for the purpose of effecting this insurance?

Was the evidence of the assured with respect to his conversation with these agents about insuring the property in companies which they might subsequently represent, prior to the time they represented the company incompetent?

Was the notice of the company to its agents who issued this policy, to cancel it, notice to the assured?

It is contended by counsel for plaintiff in error, that if either should be answered in the affirmative, the court erred in peremptorily instructing the jury to return a verdict in favor of the assured, but we unhesitatingly answer each of them in the negative. The authority of these agents, with respect to this transaction, in so far as they represented the assured, was limited to supervising the construction of the building, leasing it, and collecting the rents. True, the assured does state, in speaking of their authority, that they were his agents for the purpose of procuring insurance and collecting rents, and if this were all the evidence on the subject, perhaps it might be successfully contended that they were also his agents for the purpose of effecting insurance; but the facts regarding this transaction must be limited to those bearing directly upon it. When he instructed them to procure insurance, and was informed that within a short time they expected to represent

insurance companies in which they requested the privilege of writing it, and were advised that this would be satisfactory (and regarding this there is no controversy), such an arrangement was nothing more or less than a request upon the part of the owner of the building to the company, which subsequently insured it through these agents, to issue a policy of insurance, and when the latter acted on this suggestion, they did so as the representatives of the company issuing the policy. This did not constitute them dual agents for the purpose of procuring insurance. As agents to lease the building and collect rents, no duty was imposed upon them inconsistent with, or in conflict with that which they owed plaintiff in error with respect to the insurance under the circumstances narrated. The evidence of the assured relative to the arrangement between himself and the agents regarding the insurance of this property was competent for the purpose of showing for whom they acted in effecting it. In procuring this insurance they had not acted as brokers for the assured, but as the agents of the company, and when it notified them to cancel the policy, it was their duty to notify the assured, for the obvious reason that with respect to this insurance they were not his agents; had no authority or control over it, and therefore, notice to them was not notice to the assured. The latter had no notice of the cancellation until after the loss. The fact that the policy had not been delivered to him by the agents of the company, but remained in their possession, did not vest them with any authority over it, or make them his agents in so far as the insurance was concerned. It is also urged by counsel for plaintiff in error that assured is estopped from now claiming that the agents of the company were not also his agents, for the purpose of receiving notice of the cancellation. The answer to this suggestion is, that respecting this insurance they were not his agents. There is nothing in the record to indicate that it was in any manner misled by any relation between its representatives and the assured. On the contrary, they knew nothing of this relation, and in directing them to cancel the policy, it did not

pretend that thereby it was notifying the assured, but simply directing its agents to do a specific act in its behalf, which they failed to perform, but which they advised their principal they would.    There is nothing in the record invoking the doctrine of estoppel.

Under the undisputed facts, the policy was in full force and effect when the loss occurred, and the trial court was clearly right, in directing the jury to return a verdict for the defendant in error.    Its judgment is affirmed.

*Affirmed.*